IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JAALA DESHAE BIVINS,     )
                             )
          Plaintiff,      )     Civil Action No. 2:25-cv-1946
                             )
     v.                )
                             )     Jury Trial Demanded
MICHAEL J. KOPP,     )
BOROUGH OF ZELIENOPLE,     )
and ZELIENOPLE POLICE     )
DEPARTMENT     )
                             )
         Defendants.     )

## COMPLAINT IN CIVIL ACTION

AND NOW, comes the Plaintiff, JAALA DESHAE BIVINS, by and through her attorneys, JAMES T. TALLMAN, ESQUIRE and ELLIOTT & DAVIS, PC, and hereby files the Complaint in Civil Action as follows:

## INTRODUCTION

1.    Plaintiff, Jaala Deshae Bivins, ("Ms. Bivins") files this action, pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988, against Policer Officer Michael J. Kopp ("Patrolman Kopp") of the Zelienople Police Department, the Zelienople Police Department and the Borough of Zelienople for violating her civil rights guaranteed under the Fourth and Fourteenth Amendments of the United States Constitution.  Ms. Bivins also asserts claims under the common law of the Commonwealth of Pennsylvania.

2.    On December 11, 2024, Plaintiff Ms. Bivins, who is African American, was violently pulled from her work vehicle, thrown to the ground,

and unlawfully arrested and detained in violation of her civil rights. Ms. Bivins, an Amazon delivery driver, was seized, handcuffed, and detained while performing her courier work duties. On December 11, 2024, Ms. Bivins lawfully stopped her marked Amazon van with hazard lights activated to make a scheduled package delivery. Defendant Patrolman Kopp confronted Ms. Bivins, he refused her repeated offers to move the vehicle, and violently and forcibly removed her from the vehicle, causing injury to her shoulder. Ms. Bivins was arrested, detained, searched, booked, and charged—only for all charges to later be withdrawn. Defendants' actions violated Ms. Bivins' constitutional and statutory rights. These are the events that give rise to Ms. Bivins' claims set forth herein.

3.     Plaintiff Ms. Bivins demands a jury trial in this action.

## **PARTIES**

4.     Plaintiff, Jaala Deshae Bivins, is an adult female who resides at 703 East 9th Avenue, Apt. 2, Munhall, PA 15120, Allegheny County, Pennsylvania.

5.     Defendant, Police Officer Michael J. Kopp ("Patrolman Kopp"), based on information and belief, is a resident of Butler County, Pennsylvania, with a business address of 111 West New Castle Street, Zelienople, PA 16063. At all times relevant to this Complaint, Defendant Patrolman Kopp was a law enforcement officer employed by the Borough of Zelienople in the Zelienople

Police Department acting under color of state law. Patrolman Kopp is being sued in his individual capacity for his actions under color of state law.

6.     Defendant, Borough of Zelienople, is a borough in Butler County, a local governmental agency, a body politic and corporate organized and existing under the laws of Commonwealth of Pennsylvania, with administrative offices located at the Zelienople Municipal Building, 111 West New Castle Street, Zelienople, PA  16063, and at all times relevant to this Complaint, acted by and through its employees.

7.     The Borough of Zelienople is empowered to establish, regulate, and control its Police Department for the enforcement of laws and ordinance within its jurisdiction, and for the purpose of protecting and preserving the persons, property and the Constitutional rights of individuals within the geographical and legal jurisdiction of Allegheny County.

8.     The Zelienople Police Department is a governmental agency and duly organized police department operated by the Borough of Zelienople, maintaining headquarters at the Zelienople Municipal Building, 111 West New Castle Street, Zelienople, PA  16063. Chief Miller of the Zelienople Police Department is a policymaker with respect to policing within the Borough of Zelienople and decisions made by the Chief represent a decision by the Police Department and the Borough of Zelienople itself. Thus, when the Zelienople Police Department makes a deliberate choice to follow a course of action, that choice represents official policy.

9.    At all times relevant to this Complaint, Borough of Zelienople the acted by and through its duly authorized employees, agents, and/or servants, who were there and then acting within the course and scope of their employment, agency, and/or servitude and under color of state law, including but not limited to the individual officers of the Zelienople Police Department, such as Patrolman Kopp.

10.    At all times relevant to this Complaint, the Zelienople Police Department the acted by and through its duly authorized employees, agents, and/or servants, who were there and then acting within the course and scope of their employment, agency, and/or servitude and under color of state law, including but not limited to the individual officers of the Police Department, such as Patrolman Kopp.

11.    The Borough of Zelienople and/or the Zelienople Police Department, for all times relevant to this action, established and was responsible for the policies, practices, and customs of the Police Department.

12.    The Borough of Zelienople and the Zelienople Police Department, for all times relevant to this action, acted under color of state law.

13.    The Borough of Zelienople and the Zelienople Police Department, for all times relevant to this actions, acted under color of state law.

## JURISDICTION AND VENUE

14.    This Court has jurisdiction based on 28 U.S.C. § 1331 and 1343(3) and (4).  Ms. Bivins further invokes the supplemental jurisdiction of this Court pursuant to 28 U.S.C. § 1367 over the state law claims.

15.    Venue in this Jurisdiction is proper, pursuant to 28 U.S.C. §§ 1391(b)(1) and 1391(b)(2), as all claims set forth herein arose in the Western District of Pennsylvania, the Defendants reside and/or conduct business in the Western District of Pennsylvania, and the Plaintiff, Jaala Deshae Bivins, resides in the Western District of Pennsylvania.

## **FACTUAL ALLEGATIONS**

16.    On December 11, 2024, Ms. Bivins was violently and forcibly removed from her work vehicle, unlawfully arrested and detained in violation of her civil rights.

17.    At all relevant times, Ms. Bivins was employed as a delivery driver for Amazon, operating a clearly marked Amazon delivery van while performing her assigned route in the ordinary course of her employment.

18.    On or about December 11, 2024, Ms. Bivins was lawfully driving her assigned delivery vehicle in Zelienople, Pennsylvania, making scheduled package deliveries in accordance with Amazon's protocols and all applicable traffic laws.

19.    During the delivery stop in question, on N. Clay Street, the street lacked any available traditional parking spaces within a reasonable distance to the designated drop-off location.

20.    Ms. Bivins temporarily positioned her work vehicle on the side of the road, placed her vehicle in park and activated the hazard lights.

21.    With the engine idling, Plaintiff moved to the back of the work van to retrieve and scan the package prior to delivery.

22.    As Ms. Bivins attempted to exit the vehicle through the side door with the package, she was confronted by Defendant Patrolman Kopp.

23.    In an aggressive tone, Patrolman Kopp accused Ms. Bivins of illegal parking. Patrolman Kopp is Caucasian.

24.    Ms. Bivins immediately offered to move the vehicle to another location.

25.    Rather than accept her offer, Patrolman Kopp's demeanor became increasingly hostile and commanded that Ms. Bivins not move her vehicle

26.    Concerned for her safety and to document the encounter, Ms. Bivins began recording the interaction on her phone.

27.    Ms. Bivins again offered to move the van, but Patrolman Kopp refused, stating she would be detained instead.

28.    Ms. Bivins was unarmed and had not threatened Patrolman Kopp.

29.    At this point, another uniformed officer—believed to be Patrolman Bret Myers, whose name Patrolman Kopp had called out moments earlier—arrived at the scene.

30.    Patrolman Kopp requested to see Ms. Bivins' identification and Ms. Bivins declined to produce her driver's license without further explanation from one of the officers.

31.    Without warning, Patrolman Kopp reached into the open side door, seized Ms. Bivins' arm, and violently pulled her from interior of the van, which was 2 or more feet off of the ground.

32.    After being pulled from the vehicle, Ms. Bivins fell to the ground.

33.    Ms. Bivins felt, *inter alia*, pain in and around her shoulder as she violently pulled from the van and thrown to the ground.

34.    Ms. Bivins was then placed under arrest, handcuffed, detained, and subjected to a search in full view of bystanders and customers along her route.

35.    Ms. Bivins was not offered medical evaluation or treatment, despite complaining to both officers about shoulder pain.

36.    Ms. Bivins was transported to a local detention facility, where she was held, processed and fingerprinted.

37.    Ms. Bivins was formally charged with the following: aggravated assault, two counts of resisting arrest, failure to carry license, and obedience to authorized person directing traffic.

38.    One month later, all five charges were withdrawn, confirming that Ms. Bivins had committed none of the offenses that Patrolman Kopp had charged her with.

39.    The affidavit of probable cause provided by Patrolman Kopp contained misstatements of material facts and did not establish probable cause.

40.    Bodily injury is a foreseeable risk of violently pulling an individual out of a vehicle by the arm.

41.    Any reasonable police officer and Police Department in 2024 understood that violently pulling an individual out of a vehicle by the arm and throwing the person to the ground from an elevation of 2 or more feet could cause bodily injury.

42.    Any reasonable police officer and Police Department in 2024 understood that bodily injury is a foreseeable risk of violently pulling an individual out of a vehicle by the arm and throwing the person to the ground from an elevation of 2 or more feet.

43.    On December 11, 2024, Patrolman Kopp knew that bodily injury was a foreseeable risk of violently pulling an individual out of a vehicle by the arm and throwing the person to the ground from an elevation of 2 or more feet.

44.    On December 11, 2024, Patrolman Myers knew that bodily injury was a foreseeable risk violently pulling an individual out of a vehicle by the arm and throwing the person to the ground from an elevation of 2 or more feet.

45.    There was no threat of immediate danger to mitigate when Patrolman Kopp grabbed Ms. Bivins' arm and violently pulled her out of her work vehicle and threw her to the ground.

46.    On December 11, 2024, Patrolman Kopp knew, as any reasonable law enforcement officer in December 2024 would have known, that violently pulling Ms. Bivins out of her work vehicle by the arm and throwing her to the ground from an elevation of 2 or more feet was an excessive and unnecessary use of force in violation of Ms. Bivins' constitutional rights provided by the Fourth Fourteenth Amendment to the United States Constitution

47.    No reasonable police officer would have thought that he or she had probable cause to arrest and seize Jaala Bivins or justification to violently pull her out of her work vehicle by the arm and throw her to the ground from an elevation of 2 or more feet.

48.    Patrolman Kopp's actions and attack on Ms. Bivins while unarmed, nonviolent and nonthreatening was without cause or justification and undertaken intentionally, wantonly, and recklessly, with deliberate and reckless indifference to Ms. Bivins constitutional rights and to her well-being, wantonly in violation of Ms. Bivins' constitutional rights provided by the Fourth and Fourteenth Amendment to the United States Constitution.

49.    Defendant Patrolman Kopp's conduct constituted an egregious and unconscionable abuse of power, excessive use of force, and false arrest, detention and imprisonment of Ms. Bivins.

50.    Patrolman Kopp's actions and attack on Ms. Bivins caused Ms. Bivins to suffer sustained injury and pain to her shoulder.

51.    Patrolman Kopp's actions and attack on Ms. Bivins caused Ms. Bivins to be unable to work and carry on her normal profession and negatively affected her employment.

52.    Patrolman Kopp's unlawful and unjustified and unconstitutional arrest and detention and charging of Jaala Bivins negatively affected her employment.

53.    Patrolman Kopp's actions and attack on Ms. Bivins caused Ms. Bivins to suffer personal bodily injury, pain and suffering, extreme emotional distress, and mental anguish.

54.    The unconstitutional, unlawful, intentional, willful, wanton, reckless and deliberately and recklessly indifferent conduct, acts and omissions, as set forth herein, of Patrolman Kopp caused Ms. Bivins to suffer sustained injury and pain to her shoulder.

55.    The unconstitutional, unlawful, intentional, willful, wanton, reckless and deliberately and recklessly indifferent conduct, acts and omissions, as set forth herein, of Patrolman Kopp caused Ms. Bivins to suffer personal bodily injury, pain and suffering, extreme emotional distress, and mental anguish.

56.    The unconstitutional, unlawful, intentional, willful, deliberately indifferent, and reckless conduct, acts and omissions, as set forth herein, of

Patrolman Kopp caused Ms. Bivins to be unjustly arrested, charged and detained for crimes she did not commit.

57.    The unconstitutional, unlawful, intentional, willful, deliberately indifferent, and reckless conduct, acts and omissions of Patrolman Kopp, as set forth herein, violated Ms. Bivins' right to be free from arrest and seizure and excessive force under the Fourth Amendment to the United States Constitution without probable cause.

58.    The unconstitutional, unlawful, intentional, willful, deliberately indifferent, and reckless conduct, acts and omissions of Patrolman Kopp, as set forth herein, violated Ms. Bivins' right to be free from malicious prosecution under the Fourth and Fourteenth Amendments to the United States Constitution.

59.    As a direct result of the Defendants' unconstitutional, unlawful, intentional, willful, deliberately indifferent, and reckless acts and omissions, as set forth herein, Ms. Bivins sustained injuries and damages, including loss of freedom, pain and suffering, mental anguish, emotional distress, indignities, degradation, and restrictions on personal freedom.

60.    As a direct result of the Defendants' conduct and omissions, as set forth herein, Ms. Bivins sustained economic injuries and damages, including loss of income.

61.    As a direct result of the Defendants' unconstitutional, unlawful, intentional, willful, deliberately indifferent, and reckless acts and omissions,

as set forth herein, Ms. Bivins continues to suffer from the effects of her physical injuries, including but not limited to shoulder injury and pain, mental stress and anxiety.

62.    All claims under the United States Constitution asserted herein are brought pursuant to 42 U.S.C. §§ 1983 and 1988.

## COUNT I
### (Jaala Bivins vs. Defendant Michael J. Kopp)
### UNCONSTITUTIONAL SEIZURE AND ARREST IN VIOLATION OF THE FOURTH AND FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION

63.    Plaintiff incorporates by reference the allegations contained in all preceding paragraphs of this Complaint as though fully set forth at length herein.

64.    This claim is asserted against Defendant Patrolman Kopp in his individual capacity as a police officer of the Borough of Zelienople, PA, acting under color of state law.

65.    The actions of Defendant Patrolman Kopp were intentional and deliberate and taken with reckless disregard and deliberate indifference for the constitutional rights and physical and mental well-being of Ms. Bivins.

66.    Ms. Bivins asserts this claim for violation of the Fourth and Fourteenth Amendments to the Constitution of the United States pursuant to 42 U.S.C. § 1983.

67.    Ms. Bivins was not a threat to Patrolman Kopp or anyone.

68.    Ms. Bivins was unarmed.

69.    When Patrolman Kopp demanded to see Ms. Bivins' identification and told her she was under arrest, Patrolman Kopp did not have probable cause to arrest and seize Ms. Bivins.

70.    No reasonable prudent police officer would have thought that he or she had probable cause to arrest and seize Ms. Bivins.

71.    Ms. Bivins did not interfere or prevent Patrolman Kopp from carrying out his intended task of moving the vehicle—Ms. Bivins immediately offered to move the vehicle herself.

72.    No reasonable prudent police officer would have thought that Ms. Bivins had committed or was committing a crime.

73.    Patrolman Kopp had no probable cause to arrest Ms. Bivins and thus was not entitled to detain, seize, arrest or violently pull her from her work vehicle.

74.    When Patrolman Kopp threatened to detain Ms. Bivins, he had no justification for doing so. Ms. Bivins had not threatened anyone and did not pose a risk of injuring anyone.

75.    Patrolman Kopp's action unnecessarily escalated the situation.

76.    Patrolman Kopp unconstitutionally seized Ms. Bivins when he grabbed her arm and violently pulled her from the work vehicle, without justification.

77.    No reasonable prudent police officer would have thought that he or she had justification to seize Ms. Bivins.

78.   Patrolman Kopp proceeded to arrest and file a Criminal Complaint against Ms. Bivins. Again, as stated herein, Patrolman Kopp did not have probable cause to arrest and file the Criminal Complaint against Ms. Bivins.

79.   The affidavit of probable cause provided by Patrolman Kopp contained misstatements and did not establish probable cause.

80.   Ms. Bivins was falsely and unconstitutionally arrested and detained.

81.   All charges against Ms. Bivins were later withdrawn.

82.   As a direct and proximate result of said actions and violations of Ms. Bivins' constitutional rights, Ms. Bivins suffered the injuries and damages described above in an amount to be determined at trial.

WHEREFORE, for all of the above reasons, the Plaintiff, Jaala Deshae Bivins, demands judgment against the Defendant Michael J. Kopp, and prays for the following relief:

a.) An award of compensatory damages for non-economic and economic damages to Ms. Bivins and against Defendant, jointly and severally, in an amount to be determined at trial;

b.) An award of punitive damages to Ms. Bivins and against Defendant in an amount to be determined at trial sufficient to deter such conduct by Defendant in the future;

c.) An award of attorney's fees and costs of suit pursuant to 42 U.S.C § 1988; and

d.) Any and all other relief to which Ms. Bivins is entitled.

## COUNT II
### (Jaala Bivins vs. Defendant Michael J. Kopp)
### USE OF EXCESSIVE FORCE IN VIOLATION OF THE
### FOURTH AMENDMENT TO THE UNITED STATES CONSTITUTION

83.    Plaintiff incorporates by reference the allegations contained in all preceding paragraphs of this Complaint as though fully set forth at length herein.

84.    This claim is asserted against Patrolman Kopp in his individual capacity as a police officer of the Borough of Zelienople, PA, acting under color of state law.

85.    The actions of Defendant Patrolman Kopp were intentional and deliberate and taken with reckless disregard and deliberate indifference for the constitutional rights and physical and mental well-being of Ms. Bivins.

86.    Ms. Bivins asserts this claim for violation of the Fourth Amendment to the Constitution of the United States pursuant to 42 U.S.C. § 1983.

87.    Ms. Bivins was not a threat to Patrolman Kopp or anyone.

88.    Ms. Bivins was unarmed.

89.    Indeed, Ms. Bivins quickly offered to move her work vehicle to a different location.

90.    When Patrolman Kopp demanded to see Ms. Bivins' identification and told her she was under arrest, Patrolman Kopp did not have probable cause to arrest and seize Ms. Bivins.

91.    No reasonable police officer would have thought that he or she had probable cause to arrest and seize Ms. Bivins or justification to violently pull Ms. Bivins from the vehicle under the circumstances.

92.    When Patrolman Kopp threatened to detain Ms. Bivins, he had no justification for doing so. Ms. Bivins had not threatened anyone and did not pose a risk of injuring anyone.

93.    Patrolman Kopp had no probable cause to arrest Ms. Bivins and thus was not entitled to seize, arrest and detain Ms. Bivins.

94.    Patrolman Kopp had no justification to violently pull Ms. Bivins from her work vehicle.

95.    The excessiveness of the force used against Ms. Bivins was immensely out of proportion to the severity of the alleged criminal activity, i.e., parking violation; failure to identify.

96.    The excessiveness of the force used against Ms. Bivins is evidenced by the lack of any threat to the safety of the officer or anyone in the public.

97.    The excessiveness of the force used against Ms. Bivins is evidenced by the fact that Ms. Bivins did not interfere or prevent Patrolman Kopp from carrying out his intended task of moving the vehicle—Ms. Bivins immediately offered to move the vehicle herself.

98.    Ms. Bivins did not pose a threat to the safety of Patrolman Kopp or any civilian so as to justify the use of physical force.

99.    Said acts by Defendant Patrolman Kopp were committed without authority of law, and in abuse of his powers, and in a manner in which he willfully, knowingly, and with specific intent deprived Ms. Bivins of her constitutional rights under the Fourth and Fourteenth Amendments to the United States Constitution.

100.    Patrolman Kopp's conduct and actions unnecessarily escalated the situation.

101.    Patrolman Kopp unconstitutionally seized Ms. Bivins when he grabbed her arm and violently pulled her from the work vehicle, without justification.

102.    As a direct and proximate result of said actions and violations of Ms. Bivins' constitutional rights by Patrolman Kopp, Ms. Bivins suffered the injuries and damages described above in an amount to be determined at trial.

WHEREFORE, for all of the above reasons, the Plaintiff, Jaala Deshae Bivins, demands judgment against the Defendant Michael J. Kopp, and prays for the following relief:

> a.) An award of compensatory damages for non-economic and economic damages to Ms. Bivins and against Defendant, jointly and severally, in an amount to be determined at trial;
>
> b.) An award of punitive damages to Ms. Bivins and against Defendant in an amount to be determined at trial sufficient to deter such conduct by Defendant in the future;
>
> c.) An award of attorney's fees and costs of suit pursuant to 42 U.S.C § 1988; and

e.) Any and all other relief to which Ms. Bivins is entitled.

## COUNT III
(Jaala Bivins vs. Michael J. Kopp, Borough of Zelienople and Zelienople Police Department)
## FALSE IMPRISONMENT

103.  Plaintiff incorporates by reference the allegations contained in all preceding paragraphs of this Complaint as though fully set forth at length herein.

104.  As set forth above, Ms. Bivins was seized, arrested, and detained by Patrolman Kopp.

105.  The arrest and detainment of Ms. Bivins by Defendants was done without any legal justification or probable cause.

106.  Defendant Patrolman Kopp's conduct constituted an egregious and unconscionable abuse of power and false imprisonment of Ms. Bivins.

107.  The actions of Defendants were intentional and deliberate and taken with reckless disregard for the rights of Ms. Bivins.

108.  Defendant Patrolman Kopp was acting at all times as an Officer of the Borough of Zelienople Police Department.

109.  The Borough of Zelienople is vicariously liable for the damages his actions caused.

110.  The Police Department of Zelienople is vicariously liable for the damages his actions caused.

111.  As a direct and proximate result of the actions of the Defendants, Ms. Bivins suffered the injuries and damages described above in an amount to be determined at trial.

WHEREFORE, for all of the above reasons, the Plaintiff, Jaala Deshae Bivins, demands judgment against the Defendants Michael J. Kopp, the Borough of Zelienople and the Police Department of Zelienople, and prays for the following relief:

   a.)   An award of compensatory damages for economic and non-economic damages to Ms. Bivins and against Defendants, jointly and severally, in an Amount to be determined at trial;

   b.)   An award of punitive damages to Ms. Bivins and against Defendants in an amount to be determined at trial sufficient to deter such conduct by Defendants in the future;

   c.)   An award of attorney's fees and costs of suit; and

   d.)   Any and all other relief to which the Plaintiff is entitled.

### COUNT IV
(Jaala Bivins vs. Michael J. Kopp, Borough of Zelienople and Zelienople Police Department)
### ASSUALT AND BATTERY

112.  Plaintiff incorporates by reference the allegations contained in all preceding paragraphs of this Complaint as though fully set forth at length herein.

113. As set forth above, Plaintiff was threatened with arrest by Patrolman Kopp before being violently pulled from her work van and thrown

to the ground without justification and violation of Plaintiffs constitutional rights.

114. Prior to being pulled from her work van, Plaintiff was in apprehension of immediate bodily harm and experienced emotional shock and terror when Officer Kopp threatened Plaintiff with arrest.

115. Being violently pulled from the vehicle and thrown to the ground constituted an offensive touching and battery by Patrolman Kopp on Plaintiff.

116. Defendant Patrolman Kopp's conduct constituted an egregious and unconscionable abuse of power and assault and battery of Plaintiff.

117. The actions of Defendant Patrolman Kopp were intentional and deliberate and taken with reckless disregard for the rights of Plaintiff.

118. Defendant Patrolman Kopp was acting at all times as a police officer of the Zelienople Police Department and Borough of Zelienople.

119. The Borough of Zelienople and Zelienople Police Department are vicariously liable for the damages his actions caused.

120. As a direct and proximate result of the actions of the Defendants, Plaintiff Jaala Bivens suffered the injuries and damages described above in an amount to be determined at trial.

WHEREFORE, for all of the above reasons, the Plaintiff, Jaala Deshae Bivens, demands judgment against the Defendants Michael J. Kopp, the Borough of Zelienople and the Police Department of Zelienople, and prays for the following relief:

a.)  An award of compensatory damages for economic and non-economic damages to Ms. Bivins and against Defendants, jointly and severally, in an Amount to be determined at trial;

b.)  An award of punitive damages to Ms. Bivins and against Defendants in an amount to be determined at trial sufficient to deter such conduct by Defendants in the future;

c.)  An award of attorney's fees and costs of suit; and

d.)  Any and all other relief to which the Plaintiff is entitled.

## COUNT V
(Jaala Bivins vs. Michael J. Kopp, Borough of Zelienople and Zelienople Police Department)
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

121.   Plaintiff incorporates by reference the allegations contained in all preceding paragraphs of this Complaint as though fully set forth at length herein.

122. As set forth above, Plaintiff was threatened with arrest by Patrolman Kopp before being violently pulled from her work van and thrown to the ground without justification and violation of Plaintiffs constitutional rights.

123. Prior to being pulled from her work van, Plaintiff was in apprehension of immediate bodily harm and experienced emotional shock and terror when Officer Kopp threatened Plaintiff with arrest.

124. Plaintiff continued to experience extreme emotional distress, shock and terror while being arrested.

125. Plaintiff continued to experience extreme emotional distress throughout her ordeal of being arrested, detained, processed and charged.

126. Patrolman Kopp's excessive force upon, arrest and detainment of Plaintiff was done without any legal justification or probable cause.

127. Defendant Patrolman Kopp's conduct constituted an outrageous, egregious and unconscionable abuse of power and assault and battery of Plaintiff.

128. The actions of Defendant Patrolman Kopp's were intentional and deliberate and taken with reckless disregard of Plaintiff's rights and well-being.

129. Defendant Patrolman Kopp was acting at all times as a police officer of the Zelienople Police Department and Borough of Zelienople.

130. The Borough of Zelienople and Zelienople Police Department are vicariously liable for the damages his actions caused.

131. As a direct and proximate result of the actions of the Defendants, Plaintiff Jaala Bivens suffered the injuries and damages described above in an amount to be determined at trial.

WHEREFORE, for all of the above reasons, the Plaintiff, Jaala Deshae Bivins, demands judgment against the Defendants Michael J. Kopp, the Borough of Zelienople and the Police Department of Zelienople, and prays for the following relief:

> a.) An award of compensatory damages for economic and non-economic damages to Ms. Bivins and against Defendants, jointly and

severally, in an Amount to be determined at trial;

b.) An award of punitive damages to Ms. Bivins and against Defendants in an amount to be determined at trial sufficient to deter such conduct by Defendants in the future;

c.) An award of attorney's fees and costs of suit; and

d.) Any and all other relief to which the Plaintiff is entitled.

**JURY TRIAL DEMANDED.**

Respectfully submitted,
ELLIOTT & DAVIS, PC
By:　***/s/ James T. Tallman***　　　
　　James T. Tallman, Esquire
　　6101 Penn Avenue, Suite 302
　　Pittsburgh, PA　15206
　　jtallman@elliott-davis.com
　　Phone:　　(412) 326-0470
　　Facsimile:　(412) 446-2139